UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE J. TRESVANT,

        Petitioner,        Case No. 2:19-cv-13730
                                   Hon. Denise Page Hood

CONNIE HORTON,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [ECF No. 8], DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS**

Theodore J. Tresvant, ("Petitioner"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Wayne Circuit Court guilty plea conviction to second-degree murder. MICH. COMP. LAWS § 750.317. Petitioner was sentenced under the terms of a sentencing agreement to fifteen to thirty years imprisonment. The habeas petition asserts that Petitioner's trial counsel was ineffective for failing to present a defense that Petitioner's two co-defendants were responsible for the victim's death, and that they acted independently of Petitioner.

This matter is before the Court on Respondent's motion to dismiss the petition as untimely filed. (ECF No. 8.) The Court will grant Respondent's motion and dismiss the case because Petitioner failed to comply with the one-year limitations

period under 28 U.S.C. §2244(d). The Court will also deny Petitioner a certificate of appealability and deny permission to appeal in forma pauperis.

## I. Background

The charges against Petitioner involved a March 15, 2014, incident at a Detroit grocery store during which Petitioner and two other men beat another man to death. (ECF No. 9-5, PageID.139-141.) A video of the incident was recorded by the store's security system, and it was referred to and viewed by the parties at the joint preliminary examination held for all three defendants. (ECF No. 9-2, PageID.84-86, 109-110.) The video showed the victim using a knife to threaten one or more of the defendants, but the three men then overcame the victim, knocked him to the ground, and beat him to death with a bottle, cane, and metal dolly. (Id.) Petitioner admitted at his plea hearing that he knew the two other men involved, though he did not arrive at the store with them. (Id., PageID.139-140.)

Petitioner entered his guilty plea on August 18, 2014, and he was sentenced on September 3, 2014. Petitioner had six months from the date of sentencing to file a direct appeal from his conviction, but he failed to do so. Petitioner's conviction therefore became final on March 3, 2015. See MICH. CT. R. 7.205(G)(3).

More than twenty-three months later, on February 16, 2017, Petitioner filed a motion for relief from judgment in the trial court, raising what now forms his habeas claim. Petitioner claimed that the prosecutor overcharged him because he only struck

the victim with a bottle and with the dolly, and it was the other two men who continued to beat him to death. He asserted that his counsel was ineffective for failing to contest the charges on that basis. (ECF No. 9-7, PageID.160.) The trial court denied the motion by order dated May 23, 2017. (Id., PageID.163)

On January 8, 2018, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. On February 16, 2018, the Michigan Court of Appeals denied the application by standard form order. (ECF No. 9-8, PageID.165.)

On April 13, 2018, Petitioner filed an application for leave to appeal this decision to the Michigan Supreme Court, but on December 4, 2018, the Michigan Supreme Court denied relief by form order. (ECF No. 9-9, PageID.206.)

Petitioner did nothing for more than another year, and then on December 19, 2019, he filed his undated federal habeas petition with the Court. His application for leave to appeal in forma pauperis, filed along with the petition, was signed and dated on December 9, 2019.

## II. Discussion

Though Respondent styled its motion as one to dismiss, it is better characterized as a motion for summary judgment because it relies on records outside the pleadings. See, e.g., *Anderson v. Shane Place*, 2017 WL 1549763 (E.D. Mich. May 1, 2017). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In

considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id*. If the movant carries its burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). Generally, the limitation begins to run when the state court judgment becomes final by the conclusion of direct review or when the time for seeking such review expires. § 2244(d)(1)(A).

Here, the expiration of time for seeking direct review was March 3, 2015, when the time for filing a delayed application for leave to appeal in the Michigan Court of Appeals from Petitioner's conviction and sentence lapsed. See MICH. CT. R. 7.205(G)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Under section

2244(d)(1)(A), the statute of limitations started running the next day, March 4, 2015, and it expired one-year later.

Petitioner filed a motion for relief from judgment in the trial court on February 16, 2017, but by then the statute of limitations had already expired under § 2244(d)(1)(A). The state post-conviction review proceeding did not toll the statute of limitations because a state court post-conviction motion that is filed following the expiration of the limitations period cannot toll it pursuant to 28 U.S.C. § 2244(d)(2). See *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).

Accordingly, if § 2244(d)(1)(A) governs the starting point of the limitations period, the petition was untimely filed.

The only other possible starting point for the statute of limitations suggested by Petitioner's claims is under § 2244(d)(1)(D). Under that section, the limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*

Petitioner's claim asserts that his counsel was ineffective for failing to mount a defense on the theory that Petitioner's two co-defendants, acting independently from him, where the ones responsible for the victim's death. The factual predicate for that claim was well-known, or it could have been discovered through the exercise of due diligence, from the outset of the criminal case. The entire incident was caught on video, and the actions of the three defendants and their relative culpability was

5

discussed and argued at the preliminary examination. (ECF No. 9-2, PageID.106-110.) Petitioner's habeas claim does not rely on any newly discovered evidence that was not available to him at the time of the initial state court proceedings. Accordingly, the petition was untimely filed even if § 2244(d)(1)(D) sets the starting date of the statute of limitations.

The statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). A petitioner seeking equitable tolling of the statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has cautioned that equitable tolling should be applied "sparingly." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011).

Petitioner failed to respond to Respondent's motion, so he does not assert any basis for equitable tolling. The habeas petition itself only states, "Petitioner believes that his petition is timely filed within the 15-month period held by the United States Supreme Court." (ECF No. 1, PageID.11.) The reason for Petitioner's erroneous belief that he timely filed his petition is apparent. In the usual case, a conviction becomes final 90-days after a state's highest court denies relief on direct review. See, e.g., *Bronaugh v Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Adding the one-year

limitations period to the ninety days, generally allows a defendant to file his federal habeas petition within fifteen months of the state court's final decision on direct review. That explains Petitioner's reference to having fifteen months to file his petition. The problem for Petitioner is he never filed a direct appeal, and he instead waited about two and one-half years after he was sentenced to file his motion for relief from judgment in the trial court. Meanwhile, his conviction had already become final after the time for seeking direct review ended. See, e.g., *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). The collateral review proceeding in the state court, of course, did not reset the period of limitations. *Jurado*, 337 F.3d at 641.

At most then, the petition suggests that Petitioner misapprehended the impact his failure to file a direct appeal would have on the timeliness of his federal habeas petition. Such ignorance does not state a basis for granting equitable tolling. See, e.g., *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001). Petitioner has therefore failed to demonstrate entitlement to equitable tolling.

Accordingly, the Court will grant Respondent's motion for summary judgment and dismiss the petition because there are no genuine issues of material

fact whether it was filed after expiration of the one-year statute of limitations or whether Petitioner is entitled to equitable tolling.

### III. Certificate of Appealability

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having undertaken the requisite review, the Court concludes that jurists of reason would not debate the procedural ruling that the petition was filed after expiration of the statute of limitations and that Petitioner has failed to demonstrate entitlement to equitable tolling. A certificate of appealability will therefore be denied.

Permission to appeal in forma pauperis is denied because an appeal of this order could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## IV. Order

For the foregoing reasons, IT IS ORDERED that Respondent's motion for summary judgment is GRANTED, and the petition is DISMISSED.

IT IS FUTHER ORDERED that a certificate of appealability is DENIED.


                                                  s/Denise Page Hood
                                                  United States District Judge

Dated: July 31, 2020